UTICA FIRE-ALARM TEL. CO. et al. v. MUNICIPAL FIRE & POLICE TEL. CO. et al.

(Circuit Court, D. Massachusetts. June 12, 1895.)

No. 381.

PATENTS—INFRINGEMENT—FIRE-ALARM BOXES.

The Palmer patent, No. 220,088, for an improvement in noninterfering fire-alarm boxes, cannot, in view of the prior art, as shown particularly in the Pond and Chester patents, Nos. 188,182 and 164,425, respectively, be construed as extending to all mechanism which performs the main functions effected by the devices described in claims 4 and 5.

This was a bill in equity by the Utica Fire-Alarm Telegraph Company and others against the Municipal Fire & Police Telegraph Company and others for infringement of a patent relating to fire-alarm boxes.

Richard H. Dyer, for complainants.

James J. Storrow, Jr., and Frederick P. Fish, for respondents.

CARPENTER, District Judge. This is a bill in equity to restrain an alleged infringement of letters patent No. 220,088, issued September 30, 1879, to Augustus H. Palmer, for improvement in noninterfering fire-alarm boxes. The claims alleged to be infringed are as follows:

"4. In combination with the carriage, A, the spring-barrel, spring, and pin-lever, p, rod, r, and armature, s, whereby the armature is positively raised and held to the magnet until the circuit is renewed, substantially as set forth.

"5. In combination with the rectangle-bar, U, and bent rod, l, the rod, m, thumbscrew and jam-nut, z, and armature, s, whereby the rectangle-bar is held from engagement with the signal-rack, and a positive noninterference obtained with all the other boxes of the circuit, substantially as shown and described, and for the purposes set forth."

The device employed by the respondents can be held to infringe this patent only by construing the two claims here in controversy to cover all mechanism which performs the main functions performed by the devices described in those two claims. Shortly stated, these are as follows: The device covered by the fifth claim causes the armature of the noninterfering mechanism to fall entirely out of the field of influence of the magnet which holds it in the normal position of the apparatus, while the device covered by the fourth claim mechanically replaces the armature within the same field of influence, by the automatic action of the motor mechanism which drives the system as a whole. These main functions, however, are performed in the mechanism shown in several earlier patents. I refer particularly, with respect to the fifth claim, to the patents to Pond, No. 188,182, and to Chester, No. 164,425, and, with respect to the fourth claim, to the Chester patent, above named. I therefore conclude that the respondents do not infringe, and that the bill must be dismissed.